UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RI, INC. d/b/a SEATING SOLUTIONS,
LISA SUPRINA, SCOTT SUPRINA, and
TONY ENGLISH,

                                                               Plaintiffs,

                                                            MEMORANDUM OPINION
            -against-                                        and ORDER

                                                            CV 10-1795 (LDW) (ETB)

COLLEEN GARDNER, in her official capacity
as New York State Commissioner of Labor, M.
PATRICIA SMITH, in her individual and official
capacity as former New York State Commissioner
of Labor, JOSEPH OCON, in his individual and
official capacity as senior wage investigator at New
York State Department of Labor, and MATTHEW
MYERS, in his individual and official capacity as
senior public works wage investigator at the New
York State Department of Labor.

                                               Defendants.
------------------------------------------------------------------------X

       Defendant M. Patricia Smith, former New York State Commissioner of Labor and current Solicitor General for the United States Department of Labor, makes an application for a protective order, pursuant to Federal Rule of Civil Procedure 26(c), to prohibit her deposition based on her lack of knowledge of the facts in this action. For the reasons that follow, Smith's application is GRANTED.

       Defendant Smith has been sued in her capacity as former Commissioner of Labor for the State of New York. As noted, she is currently Solicitor General for Labor for the United States Department of Labor. (See Defendant M. Patricia Smith's Affidavit in Support of Protective Order ("Smith Aff.") at 1). She asserts that the Court should prevent her deposition because a

deposition would significantly interfere with her duties as Solicitor of Labor, which include providing legal advice to the Secretary of Labor ("Secretary"), supervision of a staff of approximately 500 attorneys, responsibility of the United States Department of Labor's independent litigation, providing ethical advice to the Secretary and other personnel, reviewing regulations, and extensive travel. (See Smith Aff. at 1-3). She further asserts that she has no personal familiarity with the facts of this litigation. She points out that the investigation that is the foundation of this action and the prevailing wage that was in effect for the time period covered by the investigation were effectuated before her arrival at the New York State Department of Labor. (See id. at 3). Although the administrative hearing involved in this litigation took place during her tenure at the department, she has no personal knowledge of what occurred at the hearing. Finally, addressing the particular topics about which plaintiffs seek to depose her, she asserts that she has no specific knowledge regarding these topics other than can be found in her interrogatory responses. (See id. at 4-6).

Although an order precluding the deposition of a witness is the exception rather than the rule in federal court, "the situation is somewhat different . . . when the party to be deposed is a high-level government official." Martin v. Valley Nat'l Bank of Ariz., 140 F.R.D. 291, 314 (S.D.N.Y. 1991). In such a case,

> [a] party may only conduct such a deposition upon a showing that the deposition is necessary in order to obtain relevant information and that it would not significantly interfere with the ability of the official to carry out his governmental responsibilities. However, depositions of senior officials should be allowed if they possess particular information necessary to the development or maintenance of the party's case which would not otherwise be

reasonably obtainable.

Id.; see also Ebbert v. Nassau County, No. CV 05-5445, 2007 WL 674725, at *5 (E.D.N.Y. Mar. 5, 2007); Pisani v. Westchester County Health Care Corp., No. 05 Civ. 7113, 2007 WL 107747, at *2 (S.D.N.Y. Jan. 16, 2007); Marisol A. v. Giuliani, No. 95 Civ. 10533, 1998 WL 132810, at *2 (S.D.N.Y. Mar. 23,1998).

Smith is unquestionably subject to the protection of this rule as a high-level government official. Pursuant to an executive order, the Solicitor of Labor is first in the order of succession should the Secretary of Labor and Deputy Secretary of Labor be unable to perform the "duties of the office of Secretary." Exec. Order No. 13245, 66 Fed. Reg. 66,268 (Dec. 18, 2001). Furthermore, she has provided an affidavit outlining her duties, which include advising the Secretary and supervising the Department's cadre of attorneys.

Plaintiffs, on the other hand, provide no affidavit disputing Smith's claims in their opposition to the request for a protective order. Rather, they attach (1) a Determination and Order signed by Smith as New York State Labor Commissioner adopting a Report & Recommendation of the Hearing Officer in an Article 8 proceeding in the New York State Department of Labor relevant to the facts in this action which determined "whether a contractor paid the rates of wages or provided the supplements prevailing in the locality to workers employed on a public work project;" and (2) individual pages from a legal brief filed on her behalf as Labor Commissioner. (See Opposition, Exhs. A & B). However, Smith has adequately explained that part of her duties as State Commissioner of Labor was to "sign Commissioner's orders and determinations in all prevailing wage cases." (Smith Aff. at 4). Moreover, by affidavit she states that the "day-to-day

enforcement of the prevailing wage law was delegated through an Assistant Commissioner." (Id.).

Plaintiffs' opposition to the request for a protective order indicates no information obtained by deposing those in the chain of command of the New York State Department of Labor. Instead, plaintiffs seek to go directly to the former Commissioner, apparently because of the positions she took in their attached documents. Plaintiffs' contention that no one else can testify as to why Ms. Smith signed the Determination and Order, if sincere,[1] is simplistic and naive. The reasons for her action are obviously reflected in the Report & Recommendation and reflected by the investigation that underlies that proceeding. Thus, Ms. Smith states this in her affidavit:

> daily enforcement of prevailing wage law was delegated through a[n] Assistant Commissioner through the Director of the Bureau of Public Work and down to the heads of the various field offices of the Bureau of Public Work and through them to individual investigators. The individuals in these positions would be much more likely to have the information that Plaintiffs are seeking about the enforcement of the prevailing wage law in general during the relevant time period, and with regard to this case in particular.

(Smith Aff. at 4). The argument that the positions taken in an appellate brief filed by the New York State Department of Labor support plaintiffs' attempt to depose Smith is similarly absurd. It is clear that other officials in the New York State Department of Labor are in a better position

---

[1] Plaintiffs' request to examine Smith about "how she balanced the political demands of organized labor, a constituency that was critical to the election of the man who appointed her Commissioner, with the requirement that she apply New York's labor laws in an even-handed manner that benefitted neither labor nor management" casts doubt on plaintiffs' motivation in seeking Smith's deposition. (See Smith Aff. at 6).

to provide the information sought by plaintiffs as to procedures in adopting wage rates and to provide the information sought with respect to particulars relevant to this action.

For the foregoing reasons, the application to renew the protective order as to defendant M. Patricia Smith is GRANTED.

**SO ORDERED:**

Dated: Central Islip, New York
      August 11, 2011

                                          /s/ E. Thomas Boyle
                                          E. THOMAS BOYLE
                                          United States Magistrate Judge